UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN DOE,

                      Plaintiff,

          - against -

THE CHILDREN'S VILLAGE, et al.,

                      Defendants.
------------------------------------------------------------x

05 Civ. 0737 (CLB)

***Memorandum and Order***

Brieant, J.

      Before this Court for resolution is a letter Objection dated October 17, 2005 made by counsel for defendant The Children's Village and others with respect to an October 7 Discovery Order made by the Honorable Lisa Margaret Smith, United States Magistrate Judge.

      Familiarity of the reader with the Order itself and the underlying issues in the case is assumed. Defendants claim that the Order "impermissibly requires the disclosure of confidential and privileged information in violation of New York law" and alternatively that the scope of the Order is too broad and calls for disclosure beyond that which is permitted in this Court.

      Plaintiff's request as it currently stands is for "documents concerning the use of force against residents by Children's Village employees that resulted in: (i) physical injury to the resident; (ii) a finding or other determination by the Children's Village or any of its employees that the use of force was excessive or otherwise improper or inappropriate; (iii) any discipline, training or modification of the employees' duties and responsibilities or the supervision of the employee; or (iv) any notification of an inquiry or an investigation by any governmental agent or

agency."

The Objection appears to be asserted on behalf of the residents not parties to this lawsuit whose privacy may be compromised. This Court does not read the provisions of HIPPA as limiting the judicial branch of government with respect to ordering reasonable and necessary pretrial discovery in civil litigation. Furthermore, the New York statutes relied on, pursuant to the Doctrine of Federal Supremacy, cannot be read to prevent, limit or interfere with the powers of this Court in litigation arising under a Federal statute or the Constitution. The case of *DeLeon v. The Putnam Valley Board of Education*, 228 F.R.D. 213, 217 (S.D.N.Y. 2005) is not regarded by this Court as holding to the contrary and, in any event, the case is not entitled to *stare decisis* treatment. *See Gasperini v. Center for the Humanities, Inc.,* 518 U.S. 415, 430 n. 10 (1996). Defendants also appear to concede in their letter that disclosure of the children's names would not necessarily lead to a discovery of private medical information.

While this Court believes that the Order objected to is within the power of the Magistrate Judge, as a matter of discretion and in the interests of Justice, this Court concludes that the Discovery Order should be limited as follows:

(1) Until further order of the Court, the producing party may redact the name of the child and other information directly identifying the child in any document produced.

(2) The production shall be limited to incidents taking place with respect to Wolfe Cottage which involved employees of the Defendants who were participating in whole or in part in connection with Wolfe Cottage activities.

The Court agrees with Defendants that incidents of force in connection with other programs conducted at other locations on the campus are not reasonably necessary for the conduct of this lawsuit. The word "assault" referred to in the Complaint would seem to include the use of force. To the extent that some episode may have involved the reasonable use of force to prevent injury to the person of an employee or another participant in the program, that would not seem to be comprised within the Complaint. As a practical matter, it seems that the discovery requested and granted is both too broad and at the same time too narrow. This Court, however, is not required to rewrite the demand. `

The October 7th Discovery Order is modified as herein directed and shall be promptly complied with.

X

    X

        X

           X

              X

SO ORDERED.

Dated: White Plains, New York

SO ORDERED.

Dated: White Plains, New York
       October 27, 2005

_____
Charles L. Brieant, U.S.D.J.